**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4995**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CARLTON ANTONIO EDWARDS, Nini,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:03-cr-00316-REP-1)

———————

Submitted:  May 31, 2012                Decided:  June 5, 2012

———————

Before KING, DUNCAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Paul Gregorio, INNSBROOK LAW GROUP, P.C., Glen Allen, Virginia, for Appellant.  Jamie L. Mickelson, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlton Antonio Edwards pled guilty to violating the terms of his supervised release. The district court sentenced him to a term of forty-six months' imprisonment. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether Edwards' sentence is plainly unreasonable. Edwards filed a pro se supplemental brief further questioning his sentence. The Government declined to file a brief. We affirm.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, this court will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In reviewing a revocation sentence, this court "follow[s] generally the procedural and substantive considerations" used in reviewing original sentences. Id. In this initial inquiry, this court takes a more deferential posture concerning issues of fact and the exercise of discretion than it does applying the reasonableness review to post-conviction Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if this

2

court finds the sentence unreasonable must the Court decide whether it is "plainly" so.  Id. at 657.

A revocation sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors.  Crudup, 461 F.3d at 440.  The district court must adequately explain the sentence chosen, though it need not explain in as much detail as when imposing the original sentence.  Thompson, 595 F.3d at 547.  Further, we may consider the district court's statements throughout the entire sentencing proceeding, and find the court's reasoning is "clear from the context."  Id.  A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum.  Crudup, 461 F.3d at 440.

We have carefully reviewed the sentencing transcript in this case and conclude that the district court adequately explained its reasons for the sentence it chose, including Edwards' history and characteristics, disrespect for the law, refusal to be deterred from criminal conduct, and the need to protect the public from Edwards' further crimes.  We further detect no error in the district court's decision to order Edwards' revocation sentence to be served consecutively to his

3

other term of imprisonment.  See <u>U.S. Sentencing Guidelines Manual</u> § 7B1.3(f) (2011).

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm the district court's order revoking supervised release and imposing sentence.  This court requires that counsel inform Edwards, in writing, of the right to petition the Supreme Court of the United States for further review.  If Edwards requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Edwards.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>